**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE**

Civil Case No. 10-CV-00743-LTB

EDNA M. PAKISER,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

**ORDER**

THIS MATTER is before me on review of the Commissioner's decision that denied Plaintiff's application for disability insurance benefits under the Social Security Act. Plaintiff, Edna M. Pakiser, appeals the final decision of Michael J. Astrue, Commissioner of Social Security, denying her application for Social Security Disability benefits. Oral argument would not materially assist the determination of this appeal. After consideration of the parties' briefs and the administrative record, and for the reasons set forth below, I affirm.

    I.    <u>STATEMENT OF THE CASE</u>

In May 2006, Plaintiff applied for disability benefits because she suffered from severe pain in her back, left foot, right shoulder, hernias, and poor eyesight which prevented her from working since May 2003. Her application was denied initially. Plaintiff requested a hearing before an ALJ, which was held in September 2008. On October 9, 2008, the ALJ issued a decision denying all benefits. The Appeals Council

denied Plaintiff's request for review. Plaintiff timely filed this appeal seeking review of the Commissioner's final decision.

    II.    STATEMENT OF FACTS

        A.    Background

Plaintiff was born in 1957, and was 45 years old on her alleged onset of disablity date and 50 years old on the date of the ALJ's decision. Administrative Record (AR) 23, 112). Plaintiff has a high school education. AR 143. She has worked as a flagger and flagger supervisor. AR 56, 138.

        B.    Law

A five-step sequential evaluation process is used to determine whether a claimant is disabled under Title II and Title XVI of the Social Security Act which is generally defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(B); *see also Bowen v. Yuckert*, 482 U.S. 137, 137, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987).

Step One is whether the claimant is presently engaged in substantial gainful activity. If she is, disability benefits are denied. See 20 C.F.R. §§ 404.1520, 416.920. Step Two is a determination whether the claimant has a medically severe impairment or combination of impairments as governed by 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant is unable to show that her medical impairment(s) would have more than a minimal effect on her ability to do basic work activities, she is not eligible for disability benefits. Step Three determines whether the impairment is equivalent to one of a

number of listed impairments deemed to be so severe as to preclude substantial gainful employment. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment is not listed, she is not presumed to be conclusively disabled. Step Four then requires the claimant to show that her impairment(s) and assessed residual functional capacity ("RFC") prevent her from performing work that she has performed in the past. If the claimant is able to perform her previous work, the claimant is not disabled. *See* 20 C.F.R. §§ 404.1520 (e)&(f), 416.920(e)&(f). Finally, if the claimant establishes a prima facie case of disability based on these four steps as discussed, the analysis proceeds to Step Five where the Commissioner has the burden to demonstrate that the claimant has the RFC to perform other work in the national economy in view of her age, education and work experience. *See* 20 C.F.R. §§ 404.1520(g), 416.920(g).

      C.     ALJ's Ruling

The ALJ found that Plaintiff has not engaged in substantial gainful activity since May 15, 2003.  AR 13.  He also found that Plaintiff has the following severe impairments: chronic cervical sprain, right shoulder strain status post surgery, left 5th toe fracture status post surgery, and bilateral bunlonectomies.  AR 13.  The ALJ next found that Plaintiff does not have an impairment or combination of impairments that meet or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  The ALJ found that Plaintiff has the residual functional capacity (RFC) to perform work activities with the following limitations: avoid climbing ladders and scaffolds and exposure to extremes or concentrated levels of cold, dust, and fumes; lift and carry 10 pounds frequently and 20 pounds occasionally but no overhead lifting or reaching with the dominant right upper extremity; sit, stand, and walk each for one hour

at a time and 8 hours a day; occasionally stoop and kneel; and can frequently but not constantly or repetitively reach, handle and finger but should not reach more than 12 inches away from the body with the dominant upper extremity.  AR 14.  Next, the ALJ found that Plaintiff is unable to perform any past relevant work.  AR 21.  The ALJ then found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.  AR 21.  Finally, the ALJ found that Plaintiff has not been under a disability as defined in the Social Security Act.  AR 22.

    III.    <u>STANDARD OF REVIEW</u>

This court's review is limited to whether the final decision is supported by substantial evidence  in the record as a whole and whether the correct legal standards were applied. *Williamson v. Barnhart*, 350 F.3d 1097, 1098, 60 Fed. Appx. 729 (10th Cir. 2003); *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001); *Qualls v. Apfel*, 206 F.3d 1368, 1371 (10th Cir. 2000). Thus, the function of my review of the factual findings is to determine whether they "are based upon substantial evidence and inferences reasonably drawn therefrom; if they are so supported, they are conclusive upon [this] reviewing court and may not be disturbed." *Trujillo v. Richardson*, 429 F.2d 1149, 1150 (10th Cir. 1970). With regard to the application of the law, reversal may be appropriate when the SSA Commissioner either applies an incorrect legal standard or fails to demonstrate reliance on the correct legal standards. *See Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996).

IV.     ISSUES ON APPEAL

A.      Whether the ALJ Erred at Step Five

Following the ALJ's hypothetical question to the vocational expert (VE) that included all of the limitations that the ALJ included in Plaintiff's RFC, the VE responded that such an individual would be able to perform the requirements of other unskilled, light occupations.  Specifically, the VE included the positions of production assembler and electronics assembler, and identified "two of 65" unskilled light inspector jobs listed in the Dictionary of Occupational Titles (DOT)– final inspector and inspector of surgical instruments.  To account for the hypothetical individual's specific limitations in reaching, handling, fingering, the VE reduced the cited assembler job numbers by 20 percent (to 6,000 jobs in Colorado and 480,000 jobs in the United States), and the inspector job number by 10 percent (to 1,620 jobs in Colorado and 126,000 jobs in the United States).

Plaintiff notes that the VE identified electronic assembler by it's specific DOT of 726.687-018 and the ALJ identified this job in his decision by the same number. Plaintiff asserts that the job of electronics assembler, DOT 726.687-018 does not exist. Further, Plaintiff argues that although the DOT does contain a job titled electronics assembler, DOT 726.684-018, this is a semi-skilled SVP 4 job and the ALJ limited the vocational expert to identifying only unskilled jobs so this cannot be the correct job.  As such, Plaintiff contends that this job cannot be used to support a finding of nondisability.

Plaintiff also argues that because the VE combined both the assembler DOT 706.687-010 and electronics assembler DOT 726.687-018 jobs when testifying as to the number of jobs in Colorado and nationally, if the electronics assembler is excluded,

5

there is no evidence regarding how many jobs remain for the job of assembler.

Plaintiff goes on to argue that the DOT description of assembler is inconsistent with the RFC limitation that the worker "can frequently, but not constantly or repetitively reach, handle and finger." Plaintiff asserts that the ALJ should not have relied upon the vocational testimony since there is a conflict with the DOT and no explanation in the evidence for the discrepancy.

In response, Defendant argues the VE identified a significant number of unskilled, light assembly occupations in the national economy. Defendant concedes that the electronics assembler job is a semiskilled job and because the VE described this specific job as unskilled and did not explain the inconsistency between his testimony and the DOT, the ALJ could not rely on this job at step five. Nonetheless, Defendant argues that Plaintiff cannot show that his error made any difference, because the numbers of unskilled light, assembler jobs identified by the VE were significant.

Defendant also concedes that the identified job of inspector of surgical instruments should have been included in the 10 percent reduction because this job requires constant handling and fingering according to the DOT. However, Defendant asserts, this error made no difference as the reduced numbers of unskilled light, inspector jobs identified by the VE were very significant – 1,620 jobs in Colorado and 126,000 jobs in the United States.

Defendant goes on to argue the ALJ's reliance on the specific jobs of electronics assembler and inspector of surgical instruments was harmless error because the ALJ also relied on the identified unskilled light jobs, including production assembler and final inspector in making his decision. Further, Defendant argues although Plaintiff asserts

that the VE did not provide a specific number of jobs available for production assembler and final inspector she does not argue that the total of light unskilled types of jobs available in Colorado and the national economy is insignificant.

In this case, Plaintiff and Defendant both agree that the jobs of electronics assembler and inspector of surgical instruments should not be considered as a basis for the determination of nondisability.  However, I agree with Defendant that this error is harmless as the VE identified 64 other light unskilled inspector types of jobs listed which exist in significant numbers in Colorado and the national economy.  *See Trimiar v. Sullivan*, 966 F.2d 1326, 1330-32.  As such, I find that the record as a whole supports the ALJ's conclusion.

It is therefore ORDERED that the Commissioner's decision is **AFFIRMED**.

Dated: January   13  , 2011.

                                        BY THE COURT:


                                           s/Lewis T. Babcock
                                        Lewis T. Babcock, Judge